**CANDIS MITCHELL**
California State Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
(619) 234-8467 (tel); (619) 687-2666 (fax)
Candis_Mitchell@fd.org

Attorneys for Ms. Priscilla Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  08CR371-IEG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| **PRISCILLA HERNANDEZ,** ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| ) | |
| Defendant. ) | |
| ) | |

**I.**

**BACKGROUND**[1]

On January 30, 2008, Ms. Hernandez entered the United States from Mexico at the Calexico West Port of Entry. Ms. Hernandez was driving a 1998 Kia Sophia. A search of the Kia resulted in the discovery of approximately 28.26 kg kilograms of marijuana concealed in the spare tire, both rear doors and bumpers of the vehicle. Ms. Hernandez denied knowledge of the marijuana.

**1.     Primary**

At approximately 3:45 p.m., Ms. Hernandez arrived at the primary lane in an attempt to gain entry

---

[1] This statement of facts is based on the probable cause statement provided by the government attached to the complaint. Ms. Hernandez does not admit their accuracy and reserves the right to challenge them at a later time.

1  to the United States driving a 1998 Kia Sophia. As the driver and only occupant of the car, she was
2  questioned by Officer Hunt upon application into the United States. Officer Hunt asked her if she was the
3  registered owner of the Kia, and Ms. Hernandez informed Officer Hunt that she was in the process of
4  completing the purchase through a friend. Officer Hunt then referred Ms. Hernandez for further inspection
5  to secondary.

**2.    Secondary**

Officer Mendibles was assigned the secondary inspection of the Kia. During the inspection, he discovered packages in both bumpers, both rear doors, and the spare tire. Officer Mendibles probed the packages and field tested the substance found within. The results of the field test was positive for marijuana, and Office Mendibles removed eighteen packages totaling 28.26 kg from the Kia.

**3.    Interrogation and Statements**

Ms. Hernandez was placed under arrest and was advised of her <u>Miranda</u> rights by ICE Agent Russell Vensk. Ms. Hernandez agreed to waive her rights and answered Agent Vensk's questions. Among the statements made by Ms. Hernandez was that she was the owner of the car and that she had purchased it approximately one month ago making a $500 down payment. Ms. Hernandez indicated that she still owed $700 towards the purchase price of the vehicle. Ms. Hernandez denied knowledge of the marijuana in the vehicle.

On February 13, 2008, Ms. Hernandez was indicted for intentional importation of 28.26 kg of marijuana in violation of 21 U.S.C. § 952 and 960, and for possession with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY

Ms. Hernandez moves for the production by the Government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of *any Government agency*. <u>See</u> generally <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995); <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>. The Government must disclose to the defendant *all* copies of any

1  written or recorded statements made by the defendant; the substance of any statements made by the
2  defendant that the Government intends to offer in evidence at trial; any response by the defendant to
3  interrogation; the substance of any oral statements which the Government intends to introduce at trial and
4  any written summaries of the defendant's oral statements contained in the handwritten notes of the
5  Government agent; any response to any Miranda warnings that may have been given to the defendant; as
6  well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee
7  Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal *all* the defendant's
8  statements, whether oral or written, regardless of whether the Government intends to make any use of those
9  statements. Additionally, the Government must "disclose *any written record* which contains *reference to*
10 a relevant oral statement by the defendant which was in response to interrogation, without regard to whether
11 the prosecution intends to use the statement at trial." Fed. R. Crim. P. 16 advisory committee notes (1991
12 Amendment) (emphasis added).

13      (2) Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings. The defendant also
14 specifically requests that all arrest reports, notes, and dispatch or any other audio/video recordings that relate
15 to the circumstances surrounding arrest or any questioning, be turned over. This request includes, but is not
16 limited to, any rough notes, records, referral slips, reports, in field communication between officers,
17 transcripts or other documents in which statements of the defendant or any other discoverable material is
18 contained. **Ms. Hernandez includes in this request any redacted portions of the Report of**
19 **Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written**.
20 This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See
21 also Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 869 (1968); United States v.
22 Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d
23 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967).

24      Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, audio/video
25 recordings, sworn statements, and prosecution reports pertaining to the defendant are available under Fed.
26 R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I). **Preservation of rough notes is**
27 **specifically requested, whether or not the Government deems them discoverable at this time**.

28      (3) Brady Material. Ms. Hernandez requests all documents, statements, agents' reports, and tangible

evidence favorable to the defendant on the issue of guilt and/or that affects the credibility of the Government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>. Evidence of prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record. Ms. Hernandez requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions.

(6) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the Government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the Government to "articulate <u>precisely</u> the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

This includes any "TECS" records (records of prior border crossings) that the Government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. United States v. Vega, 188 F.3d 1150, 1154-55 (9th Cir. 1999). Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the Government must produce before trial. United States v. Vega, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

1    The defendant requests that such notice be given **at least four weeks before trial** to give the defense
2 time to adequately investigate and prepare for trial.

3    (7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant,
4 is discoverable under Fed. R. Crim. P. 16(a)(1)(c), and Ms. Hernandez requests it. **Specifically, the defense
5 requests the opportunity to inspect the 1998 Kia Sophia, seized in this case including the spare tire
6 where the drugs were allegedly located. In addition, the defense wishes to inspect the 28.26 kilograms
7 of marijuana allegedly found in the seized vehicle.** See Section III, below. **Preservation orders have
8 been provided for this Court's signature.**

9    (8) <u>Tangible Objects</u>. Ms. Hernandez requests, under Fed. R. Crim. P. 16(a)(1)(c), the opportunity
10 to inspect and copy as well as test, if necessary, all other documents and tangible portions objects, including
11 photographs, books, papers, documents, photographs of buildings or places or copies of thereof which are
12 material to the defense or intended for use in the Government's case-in-chief or were obtained from or
13 belong to the defendant.

14    **Specifically, Ms. Hernandez requests color copies of all photographs in this case in the
15 Government's possession**.

16    (9) <u>Evidence of Bias or Motive to Lie</u>. Ms. Hernandez requests any evidence that any prospective
17 Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his
18 or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th
19 Cir. 1988).

20    (10) <u>Impeachment Evidence</u>. Ms. Hernandez requests any evidence that any prospective Government
21 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
22 has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is
23 discoverable under <u>Brady v. Maryland</u>, supra. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988)
24 (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from
25 a witness' credibility). All of this is relevant impeachment information.

26    (11) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Ms. Hernandez requests any
27 evidence that any prospective witness is under investigation by federal, state or local authorities for any
28 criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Ms. Hernandez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(13) <u>Witness Addresses</u>.  Ms. Hernandez requests the name and last known address of each prospective Government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(14) <u>Name of Witnesses Favorable to the Defendant</u>.  Ms. Hernandez requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

(15) <u>Statements Relevant to the Defense</u>. Ms. Hernandez requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). This includes Grand Jury transcripts, which will be relevant to Ms. Hernandez's motions to dismiss the indictment.

(16) <u>Jencks Act Material</u>. Ms. Hernandez requests all material to which Ms. Hernandez is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).

(17) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Ms. Hernandez requests all statements and/or promises, expressed or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(18) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Ms. Hernandez requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(19) Henthorn Material. Ms. Hernandez requests that the prosecutor review the personnel files of the officers involved in her arrests, and those who will testify, and produce to her any exculpatory information at least **two weeks prior to trial and one week prior to the motion hearing**. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). In addition, she requests that if the Government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

(20) Informants and Cooperating Witnesses. Ms. Hernandez requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case. To the extent that there was any informant, or any other tip leading to a TECS hit in this case the defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Ms. Hernandez. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957).Ms. Hernandez also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(21) <u>Expert Witnesses</u>.  Ms. Hernandez requests disclosure of the identities of any expert witnesses the Government intends to call at trial as well as "a written summary of testimony that the Government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications."  Fed. R. Crim. P. 16(a)(1)(E).

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Ms. Hernandez requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Ms. Hernandez.  See <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

(23) <u>Training of Relevant Law Enforcement Officers</u>.  Ms. Hernandez requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding:  (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles; (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses.  Ms. Hernandez also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover narcotics in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

(24) <u>Names and Contact Information for All Agents in the Field at the Time of the Arrest</u>.  Ms. Hernandez requests the name and contact information for each of the agents in the field at the time of the arrest.  See <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  The defendant also requests the name and contact information of every agent to the crime or crimes charged (or any of the overt

acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(25) <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

(26) <u>TECS Reports</u>. Defendant requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Ms. Hernandez.

(27) <u>Opportunity to Weigh, View and Photograph the Contraband</u>. Ms. Hernandez hereby requests an opportunity to view, photograph, and weigh the contraband allegedly confiscated in this case.

(28) <u>DEA 7 Form</u>. Ms. Hernandez requests a copy of the DEA 7 form that should indicate the alleged weight and purity of the contraband in this case.

(29) <u>Narcotics Detector Dog Information.</u> Ms. Hernandez moves for production of all discoverable information about any Narcotics Detector Dogs (NDDs) used in this case, including information regarding: (a) the qualifications of the NDDs and their handlers, (b) the training and experience of the NDDs and their handlers, (c) the government's procedures regarding the treatment, training and rewarding of the NDDs, (d) a detailed description of the exact method the NDDs in this case used to indicate an "alert" to contraband, and (e) the location of the NDD and the vehicle when the NDD alerted, and (f) the NDD's reliability.

(30) <u>Residual Request</u>. Ms. Hernandez intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Ms. Hernandez requests that the Government provide her and her attorney with the above requested material sufficiently in advance of trial.

## III.

## THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE

Ms. Hernandez requests the preservation of all physical evidence in this case. This includes any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government (or its private contractors) in this case. United States v. Riley, 189 F.3d 802, 806-08 (9th Cir.1999). This request includes, but is not limited to: (1) the vehicle in this case and its parts and all of its contents; (2) the results of any fingerprint analysis; (3) the defendant's personal effects; (4) the agents' rough notes; (5) any radio broadcast, if it is recorded; (6) any evidence seized from the defendant or any third party (i.e., material witnesses, co-defendants); (7) any alleged contraband seized in this case.

It is requested that the prosecutor be ordered to *question* all the agencies, private contractors, and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

## IV.

## MOTION TO RE-WEIGH NARCOTIC EVIDENCE

It is hereby requested that this Court issue an order for the U.S. Government and its agents to permit the defense attorney and her agents to re-weigh the narcotic evidence without the packaging.

## V.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel has received **0 pages** of discovery in this case. She has not yet had the opportunity to complete important aspects of the investigation. As information comes to light, due to the Government providing additional discovery in response to these motions or an order of this Court, Ms. Hernandez will almost certainly find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

**VI.**

**CONCLUSION**

For the foregoing reasons, Ms. Hernandez respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: February 26, 2008

*s/ Candis Mitchell*
**CANDIS MITCHELL**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Hernandez
Candis_Mitchell@fd.org