1  KAREN P. HEWITT
   United States Attorney
2  RANDY K. JONES
   Assistant U.S. Attorney
3  California State Bar No. 141711
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-5684
   randy.jones2@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0371-IEG |
   |                           | ) |                                |
11 | Plaintiff,                | ) | DATE: March 24, 2008           |
   |                           | ) | TIME:  2:00 p.m.               |
12 | v.                        | ) |                                |
   |                           | ) | GOVERNMENT'S RESPONSE AND      |
13 | PRISCILLA HERNANDEZ,      | ) | OPPOSITION TO DEFENDANT'S MOTIONS TO: |
   |                           | ) |                                |
14 | Defendant.                | ) |                                |
   |                           | ) | 1) PRESERVE EVIDENCE AND COMPEL PRODUCTION OF DISCOVERY; |
15 |                           | ) |                                |
   |                           | ) | 2) PRESERVE AND RE-WEIGH NARCOTICS EVIDENCE; |
16 |                           | ) |                                |
   |                           | ) | 3) GRANT LEAVE TO FILE FURTHER MOTIONS |
17 |                           | ) |                                |
   |                           | ) |                                |
18 |                           | ) | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |
19 |                           | ) |                                |
20 |                           | ) |                                |
21

22        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

23 Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant United States Attorney, and

24 hereby files its response and opposition to defendant's above-referenced motions. Said response is

25 based upon the files and records of the case, together with the attached statement of facts, and

26 memorandum of points and authorities.

27 //

28 //

**I.**

**STATEMENT OF THE CASE**

On February 13, 2008, a federal grand jury in the Southern District of California, returned a two-count Indictment against PRISCILLA HERNANDEZ ("Hernandez"), charging her with knowingly and intentionally importing approximately 28.26 kilograms (approximately 62.17 pounds) of marijuana, a Schedule I Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960 (Count 1); and possessing, with intent to distribute, approximately 28.26 kilograms (approximately 62.17 pounds) of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) (Count 2).

On February 14, 2008, Hernandez was arraigned on the Indictment and pled not guilty. A motion hearing is scheduled for March 24, 2008 at 2:00 p.m. before this Court.

**II.**

**STATEMENT OF FACTS**

A.  PRIMARY INSPECTION

On January 30, 2008, at approximately 3:45 p.m., defendant Hernandez, the driver and sole occupant of a white 1998 Kia Sephia, with no license plates, entered into the United States from Mexico through vehicle primary lane #1 at the Calexico, California, West Port of Entry. At primary inspection, Hernandez approached Customs and Border Protection Officer (CBPO) M. Hunt and gave a negative oral customs declaration. Upon questioning by CBPO Hunt, Hernandez claimed:

> That she was a United States citizen. That she was the registered owner of the vehicle. That she was in the process of purchasing the vehicle from a friend. That the vehicle was a "salvaged" vehicle. That the registration papers were in the glove compartment.

CBPO Hunt asked Hernandez to retrieve the papers from the glove compartment. Hernandez stated that she needed a screwdriver to pry the glove compartment open. CBPO Hunt went over to the passenger side of the vehicle and noticed glue in the airbag area of the dashboard. CBPO Hunt noticed Hernandez' hands were trembling as she tugged and pulled on the glove compartment in an attempt to open it. CBPO Hunt asked Hernandez where she was going. Hernandez said she was going to Calexico to buy milk for her baby. CBPO noticed Hernandez making abrupt movements and requested her to

open the trunk.  During the inspection of the trunk, CBPO Hunt noticed Hernandez glancing at him through the side view mirror.  CBPO Hunt referred Hernandez to the vehicle secondary lot.

### B.     SECONDARY INSPECTION

At secondary, CBPO R. Mendibles asked Hernandez if she was bringing anything from Mexico and where she was going.  Hernandez gave a negative customs declaration and stated she was going to shop in Calexico.  Hernandez stated the car belonged to her and that it had not been registered yet.  CBPO Mendibles asked Hernandez to open the trunk.  After Hernandez opened the trunk, CBPO Mendibles saw a spare tire.  When he picked the tire up, CBPO Mendibles noticed the tire was heavy.  Mendibles requested and received the assistance from Canine Enforcement Officer Anzaldo who used his Narcotic Detector Dog (NDD) Zorro to search the vehicle.  NDD Zorro alerted to the rear bumper area of the vehicle.

CBPO Mendibles escorted Hernandez into the vehicle secondary office for a pat down search for weapons and merchandise which was negative.

### C.     DRUG SEIZURE AND HERNANDEZ' ARREST

CBPO Mendibles returned to the vehicle for further inspection of the vehicle which revealed numerous packages concealed in the front and rear bumpers, both rear doors, and the spare tire.  One of the packages was probed, which produced a green leafy substance.  Field-testing produced a positive indication for marijuana.

A total of 18 packages were discovered, with a combined weight of 28.26 kilograms (62.17 pounds).   Some of the packages were wrapped in brown postal tape and some were wrapped in black tape.  Hernandez was arrested for violation of Title 21, USC §§ 952 and 960, Importation of Controlled Substances.

### D.     HERNANDEZ' POST-ARREST STATEMENTS

On January 31, 2008, at approximately 12:12 a.m., Immigration and Customs Enforcement (ICE) Special Agent Vensk advised Hernandez of her Miranda rights, in English, as witnessed by Special Agent Morquecho.  Hernandez acknowledged her rights and agreed to answer questions.  Hernandez made the following statements:

> That the vehicle belonged to her. That she purchased the vehicle for $1200 about one month ago in Mexicali from a man she knows as "Borrego". That she had put $500 down payment on the

car. That "Borrego" has borrowed the car from her since she purchased it, most recently on January 25, 2008 and he returned it on January 27, 2008. That she went to Mexicali about 2-3 months ago and has been living there with her father. That she works in her father's business there. That she came to the United States today to go to the post office to get a passport. She denied telling Officer Hunt she was going to Calexico to buy milk for her baby. That she has crossed the border into the United States approximately 3-4 times in that vehicle. That she denies knowing there was marijuana in the vehicle.

The interview was terminated at about 12:52 a.m.

### III.

### POINTS AND AUTHORITIES

A.  MOTION TO PRESERVE EVIDENCE AND COMPEL PRODUCTION OF DISCOVERY

The Government has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below:

**(1)    Defendant's Statements.**  The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of the rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because

1 the notes do not constitute "statements" (as defined in 18 U.S.C. § 3500(e)) unless the notes (1)
2 comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or
3 adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough
4 notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States
5 v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks
6 Act where notes were scattered and all the information contained in the notes was available in other
7 forms). The notes are not Brady material because the notes do not present any material exculpatory
8 information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303
9 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the
10 defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3rd
11 Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If,
12 during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks
13 Act, or Brady, the notes in question will be provided to Defendant.

14 **(2) Brady Material.** The Government has and will continue to perform its duty under Brady
15 to disclose material exculpatory information or evidence favorable to Defendant when such evidence
16 is material to guilt or punishment. The Government recognizes that its obligation under Brady covers
17 not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify
18 on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v.
19 Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested
20 by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976).
21 "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability
22 that, had the evidence been disclosed to the defense, the result of the proceeding would have been
23 different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination
24 of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles
25 v. Whitley, 514 U.S. 419, 436-37 (1995).

26 Brady does not, however, mandate that the Government open all of its files for discovery. See
27 United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the
28 Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see

1  United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from
2  other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the
3  defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999)
4  amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S.
5  Attorney could not reasonably be imputed to have knowledge or control over.  See United States v.
6  Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).

7        Brady does not require the Government "to create exculpatory evidence that does not exist,"
8  United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government
9  "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540
10 F.2d 432, 438 (9th Cir. 1976).

11       **(3) Any Proposed Rule 404(b) Evidence.**  The Government has already provided Defendant
12 with information regarding Defendant's known prior criminal offenses.  The Government will disclose
13 in sufficient time advance of trial, the general nature of any "other bad acts" evidence that the
14 Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  To the extent possible, the
15 Government will provide the Rule 404(b) evidence to Defendant within two weeks prior to trial.  The
16 Government will also provide notice of all impeachment evidence by prior criminal convictions as
17 required by Fed. R. Evid. 609.

18       **(4) Request for Preservation of Evidence.**  The Constitution requires the Government to
19 preserve evidence "that might be expected to play a significant role in the suspect's defense." California
20 v. Trombetta, 467 U.S. 479, 488 (1984).  To require preservation by the Government, such evidence
21 must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2)
22 "be of such a nature that the defendant would be unable to obtain comparable evidence by other
23 reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir.
24 2001).

25       The United States will make every effort to preserve evidence it deems to be relevant and
26 material to this case.  Any failure to gather and preserve evidence, however, would not violate due
27 process absent bad faith by the Government that results in actual prejudice to the Defendant.  See
28 Illinois v. Fisher, _ U.S._ , 124 S.Ct. 1200 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51,

1  57-58 (1988); United States v. RIVERA-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d
2  1031, 1037-38 (9th Cir. 2000).

3  **(5) Tangible Objects.** As previously discussed, the Government has complied and will
4  continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice,
5  to examine, inspect, and copy all tangible objects that is within its possession, custody, or control, and
6  that is either material to the preparation of Defendant's defense, or is intended for use by the
7  Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.
8  The Government need not, however, produce rebuttal evidence in advance of trial. United States v.
9  Givens, 767 F.2d 574, 584 (9th Cir. 1984).

10  **(6) Expert Witnesses.** The Government will comply with Rule 16(a)(1)(G) and provide
11  Defendant with a written summary of any expert testimony that the Government intends to use under
12  Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This shall
13  include the expert witnesses' qualifications, the expert witnesses opinions, and the bases and reasons
14  for those opinions.

15  **(7) Witness Addresses.** The Government will provide Defendant with the reports containing
16  the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a
17  non-capital case, however, has no right to discover the identity of prospective Government witnesses
18  prior to trial. See Weatherford v. Bursey, 429 U.S. , 545, 559 (1977); United States v. Dishner, 974 F.2d
19  1502, 1522 (9th Cir 1992), citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985); United
20  States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the
21  Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-
22  chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d
23  870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

24  The Government objects to any request that the Government provide a list of every witness to
25  the crimes charged who will not be called as a Government witness. "There is no statutory basis for
26  granting such broad requests," and such a request "far exceed[s] the parameters of Rule 16(a)(1)©."
27  United States v. Yung, 97 F. Supp. 2d 24, 36 (D. D.C. 2000), quoting United States v. Boffa, 513 F.
28  Supp. 444, 502 (D. Del. 1980).

**(8) Jencks Act Material.** The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). While the Government is only required to produce all Jencks Act material <u>after</u> the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(9) Informants and Cooperating Witnesses.** At this time, the Government is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>. <u>See</u> <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997). If the Government determines that there is a confidential informant somehow involved in this case, the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection. The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses.

**(10) Residual Request.** The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

B.  MOTION TO PRESERVE AND RE-WEIGH NARCOTICS EVIDENCE SHOULD BE DENIED

The government does not object to the preservation and re-weigh of the marijuana seized in this case.

//

//

C.  **LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

D.  **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

1.  **Rule 16(b)**

The defendant has invoked Federal Rule of Criminal Procedure 16 in his motion for discovery. The Government has voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule, pertinent portions of which are cited below is applicable:

The Government hereby requests the defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of the defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rules 16(d)(1) and (2) to insure that the Government receives the discovery to which it is entitled.

2.  **Rule 26.2**

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The new rule thus provides for the reciprocal production of <u>Jencks</u> statements. The Government hereby requests that the defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes, and reports.

//

//

# IV.

# **CONCLUSION**

For the foregoing reasons, Defendant's motions should be denied.

DATED: March 24, 2008

                                      Respectfully Submitted,

                                      KAREN P. HEWITT
                                      United States Attorney

                                      s/ Randy K. Jones
                                      RANDY K. JONES
                                      Assistant United States Attorney
                                      Attorneys for Plaintiff
                                      United States of America
                                      Email: randy.jones2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08CR0371-IEG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| PRISCILLA HERNANDEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

　　　I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　　I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions Together with Statement of Facts, Memorandum of Points and Authorities, and Government's Motion for Reciprocal Discovery on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　　1.  Candis Lea Mitchell　　　(Email: candis_mitchell@fd.org)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2008

　　　　　　　　　　　　　　　　　　　　　　　s/Randy K. Jones
　　　　　　　　　　　　　　　　　　　　　　　RANDY K. JONES