**CANDIS MITCHELL**
California State Bar No. 242797
**VICTOR N. PIPPINS**
California State Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Email: Candis_Mitchell@fd.org
       Victor_Pippins@fd.org

Attorneys for Ms. Priscilla Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                    Plaintiff,  )<br>                                 )<br>v.                               )<br>                                 )<br>**PRISCILLA HERNANDEZ**,         )<br>                                 )<br>                    Defendant.  )<br>_____)<br>                                 ) | CASE NO.: 08CR371-IEG<br><br>DATE: June 10, 2008<br>TIME: 2:30 p.m.<br><br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

TO:  KAREN P. HEWITT, INTERIM UNITED STATES ATTORNEY, AND
     RANDY K. JONES, ASSISTANT UNITED STATES ATTORNEY.

Ms. Hernandez, by and through her counsel, Candis Mitchell, Victor Pippins, and Federal Defenders of San Diego, Inc., and pursuant to Federal Rule of Criminal Procedure 30, requests that the Court instruct the jury on the law as set forth herein. Ms. Hernandez also requests leave to offer further jury instructions as may become relevant during the course of the trial.

                                      Respectfully submitted,


Dated: May 30, 2008                   *s/ Victor Pippins*
                                      **CANDIS MITCHELL**
                                      **VICTOR PIPPINS**
                                      Federal Defenders of San Diego, Inc.
                                      Attorneys for Ms. Hernandez

**Defendant's Proposed Standard Instructions**

9th Cir. Crim. Jury Instr. 1.1 (2003) ("Duty of Jury")

9th Cir. Crim. Jury Instr. 1.2 (2003) ("The Charge -- Presumption of Innocense")

9th Cir. Crim. Jury Instr. 1.3 (2003) ("What Is Evidence")

9th Cir. Crim. Jury Instr. 1.4 (2003) ("What Is Not Evidence")

9th Cir. Crim. Jury Instr. 1.5 (2003) ("Evidence For a Limited Purpose")

9th Cir. Crim. Jury Instr. 1.7 (2003) ("Ruling On Objections")

9th Cir. Crim. Jury Instr. 1.8 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 1.9 (2003) ("Conduct of the Jury")

9th Cir. Crim. Jury Instr. 1.10 (2003) ("No Transcript Available to the Jury")

9th Cir. Crim. Jury Instr. 1.11 (2003) ("Taking Notes")

9th Cir. Crim. Jury Instr. 1.12 (2003) ("Outline of Trial")

9th Cir. Crim. Jury Inst. 2.4 (2003) ("Stipulations of Fact") (if appropriate).

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.5 (2003) ("Reasonable Doubt - Defined")

9th Cir. Crim, Jury Instr. 3.6 (2003) ("What is Evidence")

9th Cir. Crim, Jury Instr. 3.7 (2003) ("What is Not Evidence")

9th Cir. Crim, Jury Instr. 3.8 (2003) ("Direct and Circumstantial Evidence")

9th Cir. Crim. Jury Instr. 3.9 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 3.14 (2003) ("Separate Consideration of Multiple Counts -- Multiple Defendants")

9th Cir. Crim. Jury Instr. 3.18 (2003) ("Possession Defined")

9th Cir. Crim. Jury Instr. 4.1 (2003) ("Statements by Defendant") (if appropriate).

9th Cir. Crim. Jury Instr. 4.4 (2003) ("Character of Defendant")

**Defendant's Proposed Standard Instructions**

9th Cir. Crim. Jury Instr. 1.1 (2003) ("Duty of Jury")

9th Cir. Crim. Jury Instr. 1.2 (2003) ("The Charge -- Presumption of Innocense")

9th Cir. Crim. Jury Instr. 1.3 (2003) ("What Is Evidence")

9th Cir. Crim. Jury Instr. 1.4 (2003) ("What Is Not Evidence")

9th Cir. Crim. Jury Instr. 1.5 (2003) ("Evidence For a Limited Purpose")

9th Cir. Crim. Jury Instr. 1.7 (2003) ("Ruling On Objections")

9th Cir. Crim. Jury Instr. 1.8 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 1.9 (2003) ("Conduct of the Jury")

9th Cir. Crim. Jury Instr. 1.10 (2003) ("No Transcript Available to the Jury")

9th Cir. Crim. Jury Instr. 1.11 (2003) ("Taking Notes")

9th Cir. Crim. Jury Instr. 1.12 (2003) ("Outline of Trial")

9th Cir. Crim. Jury Inst. 2.4 (2003) ("Stipulations of Fact") (if appropriate).

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.5 (2003) ("Reasonable Doubt - Defined")

9th Cir. Crim, Jury Instr. 3.6 (2003) ("What is Evidence")

9th Cir. Crim, Jury Instr. 3.7 (2003) ("What is Not Evidence")

9th Cir. Crim, Jury Instr. 3.8 (2003) ("Direct and Circumstantial Evidence")

9th Cir. Crim. Jury Instr. 3.9 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 3.14 (2003) ("Separate Consideration of Multiple Counts -- Multiple Defendants")

9th Cir. Crim. Jury Instr. 3.18 (2003) ("Possession Defined")

9th Cir. Crim. Jury Instr. 4.1 (2003) ("Statements by Defendant") (if appropriate).

9th Cir. Crim. Jury Instr. 4.4 (2003) ("Character of Defendant")

1. 9th Cir. Crim. Jury Instr. 4.17 (2003) ("Opinion Evidence, Expert Witness")
2. 9th Cir. Crim. Jury Instr. 4.19 (2003) ("Charts and Summaries in Evidence")
3. 9th Cir. Crim. Jury Instr. 5.6 (2003) ("Knowingly - Defined")
4. 9th Cir. Crim. Jury Instr. 6.9 (2003) ("Mere Presence")
5. 9th Cir. Crim. Jury Instr. 7.1 (2003) ("Duty to Deliberate")
6. 9th Cir. Crim. Jury Instr. 7.2 (2003) ("Consideration of Evidence")
7. 9th Cir. Crim. Jury Instr. 7.3 (2003) ("Use of Notes")
8. 9th Cir. Crim. Jury Instr. 7.5 (2003) ("Verdict Form")
9. 9th Cir. Crim. Jury Instr. 7.6 (2003) ("Communication with Court")

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. _1_

     Ms. Hernandez is charged in Count 1 of the indictment with unlawful importation of marijuana in violation of Sections 952 and 960 of Title 21 of the United States Code.  In order for Ms. Hernandez to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

     First, Ms. Hernandez intentionally brought marijuana into the United States;

     Second, Ms. Hernandez knew that it was marijuana that he was bringing into the United States; and,

     Third, Ms. Hernandez knew that the quantity of marijuana was 28.26 kilograms.

Authority

Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 (2005 ed.) (modified); Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) ("We honor the intent of Congress and the requirements of due process by treating *drug quantity and type*, which fix the maximum sentence for a conviction, as we would any other material fact in a criminal prosecution: it must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt.") (emphasis added).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_\_\_2\_\_\_\_

Ms. Hernandez is charged in Count 2 of the indictment with possession of marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for Ms. Hernandez to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, Ms. Hernandez knowingly possessed marijuana;

Second, Ms. Hernandez possessed marijuana with the intent to deliver it to another person; and,

Third, Ms. Hernandez knew that she possessed 28.26 kilograms of marijuana, and intended to distribute that amount.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of marijuana to another person, with or without any financial interest in the transaction.

<u>Authority</u>

<u>Manual of Model Jury Instructions for the Ninth Circuit</u>, § 9.27 (2005 ed.) (modified); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>United States v. Buckland</u>, 289 F.3d 558, 568 (9th Cir. 2002) ("We honor the intent of Congress and the requirements of due process by treating *drug quantity and type*, which fix the maximum sentence for a conviction, as we would any other material fact in a criminal prosecution: it must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt.") (emphasis added).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO.   3  

A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to his guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

<u>Authority</u>

California Jury Instructions -- Criminal, 2.01 Sufficiency of Circumstantial Evidence

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. __4__

I instruct you that you must presume Ms. Hernandez to be innocent of the offense charged. Thus, Ms. Hernandez, although accused of an offense in the indictment, begins the trial with a "clean slate"—with no evidence against her. The indictment is not evidence of any kind. Ms. Hernandez is not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Ms. Hernandez. The presumption of innocence alone is sufficient to acquit Ms. Hernandez.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to Ms. Hernandez for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Ms. Hernandez is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. You may consider the evidence or the lack of evidence in determining whether there is a reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that Ms. Hernandez committed each and every element of the offense charged in the indictment, you must find Ms. Hernandez not guilty of the offense. If you view the evidence as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

<u>Authority</u>

Devitt and Blackmar, 4th Ed., § 12.10 (modified, with one paragraph borrowed from Devitt and Blackmar, 3d Ed., § 11.14)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 08cr0371-IEG |
| ) | |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| PRISCILLA HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

                                                              Respectfully submitted,

Dated: May 30, 2008                                   *s/ Victor Pippins*
                                                      **CANDIS MITCHELL**
                                                      **VICTOR PIPPINS**
                                                      Federal Defenders of San Diego, Inc.
                                                      Attorneys for Ms. Hernandez