# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>      vs.<br>PRISCILLA HERNANDEZ,<br><br>                              Defendant. | CASE NO. 08cr371-IEG<br><br>Order Denying Defendant's Motion to Suppress Statements |

Defendant moves to suppress her post-arrest statements because they were taken outside the safe-harbor period of 18 U.S.C. § 3501(c).  The Court DENIES defendant's motion.

Section 3501(c) provides

> In any criminal prosecution brought by the United States . . ., a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States . . . if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or detention . . . .

"A confession made after the [six hour] safe harbor period may be excluded solely because of the delay, but there is no requirement that it be suppressed." United States v. Mendoza, 157 F.3d 730, 731 (9th Cir. 1998) (citing United States v. Halbert, 436 F.2d 1226, 1234 (9th Cir. 1970)).  A

statement made outside the six hour safe-harbor period[1] will be admitted as evidence where (1) the delay was reasonable, or (2) public policy concerns weigh in favor of admission. United States v. Michaud, 268 F.3d 728, 733 (9th Cir. 2001) (citing United States v. Van Poyck, 77 F.3d 285, 289 (9th Cir. 1996)). Public policy concerns the court should consider in determining whether to admit delayed statements include "discouraging officers from unnecessarily delaying arraignments, preventing admission of involuntary confessions, and encouraging early processing of defendants . . . ." Van Poyck, 77 F.3d at 289. The burden of proving grounds for suppression falls upon defendant. Id. (citing United States v. Halbert, 436 F.2d 1226, 1230 (9th Cir.1970)).

Based upon review of the recording of the interview, the Court finds Agent Vensk properly advised defendant of her Miranda rights. Defendant voluntarily waived those rights and made a statement. Defendant knew the nature of the offense of which she was suspected, and also knew of and waived her right to counsel. Defendant has not satisfied her burden of showing her statement was involuntary.

In addition, the Court finds defendant has not shown the delay was unreasonable, or that public policy requires suppression. Defendant attempted to enter the United States through the Calexico West Port of Entry around 3:45 p.m. on January 30, 2008. She was referred to secondary inspection and was thereafter detained around 4:20 p.m. Her interview with Agent Vensk began almost 8 hours later, at approximately 12:12 a.m. on January 31, 2008, and ended at about 12:52 a.m. At the hearing on defendant's motion, Agent Vensk testified he was one of only two duty agents for the Calexco East and Calexico West ports of entry on January 30, 2008. Agent Vensk and his partner had seven drug seizures on the day defendant was detained, and were required to perform their investigatory duties as to each of these matters. The delay in interviewing

///

---

[1] The government argues Defendant's motion should be denied because the six hour period under § 3501(c) does not begin to run until the time of arrest. The statute, however, plainly measures the period from the time of "arrest or other detention." The case upon which the government relies, United States v. Alvarez-Sanchez, 511 U.S. 350, 358 (1994), holds only there is no obligation under § 3501(c) to bring a person held in *state* custody based upon violation of *state* law before a federal magistrate judge. Alvarez-Sanchez is therefore not relevant to the present motion.

defendant was attributable to the press of business at the busy port of entry, and there is nothing to suggest the agents unnecessarily delayed in interviewing defendant.  <u>Van Poyck</u>, 77 F.3d at 290.

Defendant's motion to suppress is DENIED.

**IT IS SO ORDERED**.

**DATED: June 3, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**