**CANDIS MITCHELL**
California State Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Candis_Mitchell@fd.org

Attorneys for Ms. Priscilla Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 08CR371-IEG |
| Plaintiff, | DATE: June 17, 2008 |
| | TIME: 8:30 a.m. |
| v. | |
| PRISCILLA HERNANDEZ | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DECLARE A MISTRIAL** |
| Defendant. | |

**I.**

**INTRODUCTION**[1]

On January 30, 2008, Ms. Hernandez entered the United States from Mexico at the Calexico West Port of Entry. Ms. Hernandez was driving a 1998 Kia Sophia. A search of the Kia resulted in the discovery of approximately 28.26 kg kilograms of marijuana concealed in the spare tire, both rear doors and bumpers of the vehicle. Ms. Hernandez denied knowledge of the marijuana. Ms. Hernandez incorporates by reference prior background facts mentioned in previous motions.

---

1 This statement of facts is based on the discovery provided by the government. Ms. Hernandez does not admit their accuracy and reserves the right to challenge them at a later time.

1    On February 13, 2008, Ms. Hernandez was indicted for intentional importation of 28.26 kg of marijuana in violation of 21 U.S.C. § 952 and 960, and for possession with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).

    Trial in this case began on June 10, 2008, with the selection of the jury at 9:00 a.m. The jury was sworn at 11:55 a.m. and after being excused for lunch at 12:00 p.m., opening statements were given at 1:26 p.m. Testimony concluded shortly after 4:00 p.m. The jury was instructed to return at 8:30 a.m. the following day, June 11, 2008, and testimony resumed shortly after 9:00 a.m. Testimony continued until approximately 11:45 a.m. where a morning break was had with closing arguments following. The alternate juror was excused at 12:57 p.m. after the jury concluded being instructed.

    The jury began deliberation on June 12, 2008, at 8:30 a.m., during which three notes were sent out, including one indicating their inability to "come to a consensus." The jury concluded their deliberations at 4:30 p.m. Deliberations were suspended on June 13, 2008, do to a juror's need to attend a funeral. Deliberations resumed at 8:30 a.m. on June 16, 2008, and continued until 1:00 p.m. One note was sent out and one document was provided to the Court as being provided by a juror to the other jurors. That document read:

> Consensus is "a decision that the majority favors, and that the minority, after being heard and having had ample time to persuade and influence the majority, agrees to support and implement."

    Following the reading of the notes, counsel for Ms. Hernandez orally moved for a mistrial. This motion follows.

**II.**

**THE COURT SHOULD DECLARE THIS PROCEEDING TO BE A MISTRIAL AS MS. HERNANDEZ HAS BEEN PREJUDICED BY THE EXTRANEOUS INFORMATION VIEWED BY THE JURORS**

    The issue before the court is whether the extraneous information presented to the jurors by a juror, a definition of consensus, is prejudicial in nature thus requiring the declaration of a mistrial. In this case, the extraneous information does rise to the level of prejudicial to the point of necessitating a new trial to preserve Ms. Hernandez's rights to due process of law and a fair and impartial trial and, guaranteed to her under the Fifth and Sixth Amendments.

1  While it is normally prohibited to inquire of a juror on the deliberative process, Fed. R. of Evid. 609
2  (b) provides "that a juror may testify about (1) whether extraneous prejudicial information was improperly
3  brought to the jury's attention [and] (2) whether any outside influence was improperly brought to bear upon
4  any juror." In this case, "[t]he trial court, upon learning of a possible incident of juror misconduct, must hold
5  an evidentiary hearing to determine the precise nature of the extraneous information. The defendant is entitled
6  to a new trial if the judge finds a 'possibility that the extrinsic material could have affected the verdict.'"
7  United States v. Bagnariol, 665 F.2d 877 (9th Cir. 1981), *cert. denied*, 456 US 962 (1984) (citing United
8  States v. Vasquez, 597 F.2d 192, 193 (9th Cir. 1979)). The purpose of the hearing is necessitated here to
9  determine if even one juror is unduly biased or prejudiced so as to deny Ms. Hernandez the right to an
10 impartial panel. See United States v. Hendrix, 549 F.2d 1225, 1227 (9th Cir. 1977).

11 In one case on point, United States v. Steele, 785 F.2d 743 (9th Cir. 1986), the Ninth Circuit
12 examined whether a jury's unauthorized use of a dictionary was so inherently prejudicial that the case
13 required reversal. In finding that the use of a dictionary did not require reversal, the court laid out guideposts
14 to consider in evaluating whether a jury's use of extrinsic material should require a new trial. Those factors
15 distinguish Steele from the instant case. In particular, the court in Steele was satisfied that the jurors' "did
16 not use the dictionary to formulate their legal standards concerning the elements of the crime . . . or the
17 government's burden of proof" thus affecting their ability to come to a decision in the case. Steele, 785 F.
18 2d at 747. Here, however, the jurors have been presented with a definition that could affect their ability to
19 make a decision as it alters the instructions they were given as to how they are to come to a decision in this
20 case.

21 When they began their deliberations, the jury was instructed per the Model Crim. Jury Instr. 9th Cir.
22 7.1 (2003) (emphasis added), which provided:

> 7.1 Duty to Deliberate
> When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.
> You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.
> Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.
> Do not be afraid to change your opinion if the discussion persuades you that you should. **But do not come to a decision simply because other jurors think it is right.**

> **It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.**

The emphasized portion of the instruction is in direct contravention to the definition of consensus provided to the jurors by a juror. There, the definition of unanimity is defined as:

> "a **decision that the majority favors, and that the minority, after being heard and having had ample time to persuade and influence the majority, agrees to support and implement**."

Specifically, it calls for the jurors to abandon any individual and honest belief in order to reach a unanimous verdict. In substituting this definition of unanimity with the extrinsic definition of consensus, the verdict in this case would most definitely be affected. As there is a very real possibility that a juror could have been influenced by the material that improperly came before it, and have been persuaded to change their verdict because they felt compelled to agree with the majority, Ms. Hernandez is entitled to a new trial. See United States v. Ruggiero, 56 F.3d 647 (9th Cir. 1995). Thus, a mistrial is the only prudent course. See State v. Holt, 107 N.W.2d 732, 733 (1961) (new trial is not required unless jury's unauthorized use of dictionary is calculated to prejudice defendant's rights).

### III.
### CONCLUSION

For the foregoing reasons, Ms. Hernandez respectfully requests that this Court grant this motion.

Respectfully submitted,

DATED: June 16, 2008

s/ *Candis Mitchell*
**CANDIS MITCHELL**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Hernandez
candis_mitchell@fd.org