INSTRUCTION NO. __1__

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE. A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU WILL APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING THE COURT MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN—THAT IS A MATTER ENTIRELY UP TO YOU.

INSTRUCTION NO.  2

THE INDICTMENT IS NOT EVIDENCE.  THE DEFENDANT HAS PLEADED

NOT GUILTY TO THE CHARGE.  THE DEFENDANT IS PRESUMED TO BE

INNOCENT AND DOES NOT HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO

PROVE INNOCENCE.  THE GOVERNMENT HAS THE BURDEN OF PROVING

EVERY ELEMENT OF THE CHARGE BEYOND A REASONABLE DOUBT.

## INSTRUCTION NO. 3

THE DEFENDANT HAS TESTIFIED.  YOU SHOULD TREAT THIS TESTIMONY JUST AS YOU WOULD THE TESTIMONY OF ANY OTHER WITNESS.

INSTRUCTION NO. __4__

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY. IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION. IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY. ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT GUILTY.

INSTRUCTION NO. _5_

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS

ARE CONSISTS OF:

(1)   THE SWORN TESTIMONY OF ANY WITNESS;

(2)   THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE; AND

(3)   ANY FACTS TO WHICH ALL THE LAWYERS HAVE STIPULATED.

INSTRUCTION NO. __6__

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY THE
TESTIMONY AND EXHIBITS RECEIVED INTO EVIDENCE.  CERTAIN THINGS ARE
NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING WHAT THE
FACTS ARE.  I WILL LIST THEM FOR YOU:

1.    ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT
EVIDENCE.  THE LAWYERS ARE NOT WITNESSES.  WHAT THEY
HAVE SAID IN THEIR OPENING STATEMENTS, WILL SAY IN THEIR
CLOSING ARGUMENTS AND AT OTHER TIMES IS INTENDED TO
HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE.
IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE
LAWYERS STATE THEM, YOUR MEMORY OF THEM CONTROLS.

2.    QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE.
ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY
BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE.
YOU SHOULD NOT BE INFLUENCED BY THE QUESTION, THE OBJECTION
OR THE COURT'S RULING ON IT.

3.    TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT
YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND
MUST NOT BE CONSIDERED.  IN ADDITION, SOME TESTIMONY AND

///

///

///

///

§ 3.7 9TH CIR.

PAGE 1 OF 2

08CR0371

EXHIBITS HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE;

WHERE I HAVE GIVEN A LIMITING INSTRUCTION, YOU MUST FOLLOW IT.

4.      ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT

WAS NOT IN SESSION IS NOT EVIDENCE.  YOU ARE TO DECIDE THE

CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

§ 3.7 9TH CIR.                                                                                      08CR0371

INSTRUCTION NO. __7__

EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL.  DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY BY A WITNESS ABOUT WHAT THAT WITNESS PERSONALLY SAW OR HEARD OR DID.  CIRCUMSTANTIAL EVIDENCE IS PROOF OF ONE OR MORE FACTS FROM WHICH YOU COULD FIND ANOTHER FACT.  YOU SHOULD CONSIDER BOTH KINDS OF EVIDENCE.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

INSTRUCTION NO. __8__

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1. THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2. THE WITNESS'S MEMORY;

3. THE WITNESS'S MANNER WHILE TESTIFYING;

4. THE WITNESS'S INTEREST IN THE OUTCOME OF THE CASE AND ANY BIAS OR PREJUDICE;

5. WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS'S TESTIMONY;

6. THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE; AND

7. ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

INSTRUCTION NO. _9_

YOU ARE HERE ONLY TO DETERMINE WHETHER THE DEFENDANT IS
GUILTY OR NOT GUILTY OF THE CHARGES IN THE INDICTMENT.  YOUR
DETERMINATION MUST BE MADE ONLY FROM THE EVIDENCE IN THE CASE.
THE DEFENDANT IS NOT ON TRIAL FOR ANY OTHER CONDUCT OR OFFENSE
NOT CHARGED IN THE INDICTMENT.  YOU SHOULD CONSIDER EVIDENCE
ABOUT THE ACTS, STATEMENTS, AND INTENTIONS OF OTHERS, OR EVIDENCE
ABOUT OTHER ACTS OF THE DEFENDANT, ONLY AS THEY RELATE TO THIS
CHARGE AGAINST THIS DEFENDANT.

INSTRUCTION NO. _10_

A SEPARATE CRIME IS CHARGED AGAINST THE DEFENDANT IN EACH COUNT.  YOU MUST DECIDE EACH COUNT SEPARATELY.  YOUR VERDICT ON ONE COUNT SHOULD NOT CONTROL YOUR VERDICT ON ANY OTHER COUNT.

INSTRUCTION NO. _11_

YOU HAVE HEARD TESTIMONY THAT THE DEFENDANT MADE A STATEMENT. IT IS FOR YOU TO DECIDE (1) WHETHER THE DEFENDANT MADE THE STATEMENT, AND (2) IF SO, HOW MUCH WEIGHT TO GIVE TO IT. IN MAKING THOSE DECISIONS, YOU SHOULD CONSIDER ALL OF THE EVIDENCE ABOUT THE STATEMENT, INCLUDING THE CIRCUMSTANCES UNDER WHICH THE DEFENDANT MAY HAVE MADE IT.

INSTRUCTION NO. 12

YOU HAVE HEARD TESTIMONY FROM PERSONS WHO, BECAUSE OF EDUCATION OR EXPERIENCE, ARE PERMITTED TO STATE OPINIONS AND THE REASONS FOR THEIR OPINIONS.

OPINION TESTIMONY SHOULD BE JUDGED JUST LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS' EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL THE OTHER EVIDENCE IN THE CASE.

INSTRUCTION NO. 13

THE DEFENDANT IS CHARGED IN COUNT 1 OF THE INDICTMENT WITH UNLAWFUL IMPORTATION OF MARIJUANA IN VIOLATION OF SECTIONS 952 AND 960 OF TITLE 21 OF THE UNITED STATES CODE.  IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE DEFENDANT KNOWINGLY BROUGHT MARIJUANA INTO THE UNITED STATES; AND

SECOND, THE DEFENDANT KNEW THAT IT WAS MARIJUANA OR SOME OTHER PROHIBITED DRUG.

IT DOES NOT MATTER WHETHER THE DEFENDANT KNEW THAT THE SUBSTANCE WAS MARIUANA.  IT IS SUFFICIENT THAT THE DEFENDANT KNEW THAT IT WAS SOME KIND OF A PROHIBITED DRUG.

§ 9.27 9TH CIR.

08CR0371

INSTRUCTION NO. 14

THE DEFENDANT IS CHARGED IN COUNT 2 OF THE INDICTMENT WITH POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE IN VIOLATION OF SECTION 841(a)(1) OF TITLE 21 OF THE UNITED STATES CODE. IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE DEFENDANT KNOWINGLY POSSESSED MARIJUANA IN A MEASURABLE OR DETECTABLE AMOUNT; AND

SECOND, THE DEFENDANT POSSESSED IT WITH THE INTENT TO DELIVER IT TO ANOTHER PERSON.

IT DOES NOT MATTER WHETHER THE DEFENDANT KNEW THAT THE SUBSTANCE WAS MARIJUANA. IT IS SUFFICIENT THAT THE DEFENDANT KNEW THAT IT WAS SOME KIND OF A PROHIBITED DRUG.

TO "POSSESS WITH INTENT TO DISTRIBUTE" MEANS TO POSSESS WITH INTENT TO DELIVER OR TRANSFER POSSESSION OF A CONTROLLED SUBSTANCE TO ANOTHER PERSON, WITH OR WITHOUT ANY FINANCIAL INTEREST IN THE TRANSACTION.

INSTRUCTION NO. 15

A PERSON HAS POSSESSION OF SOMETHING IF THE PERSON KNOWS

OF ITS PRESENCE AND HAS PHYSICAL CONTROL OF IT, OR KNOWS OF ITS

PRESENCE AND HAS THE POWER AND INTENTION TO CONTROL IT.

INSTRUCTION NO. __16__

AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS AWARE OF THE ACT AND DOES NOT ACT OR FAILS TO ACT THROUGH IGNORANCE, MISTAKE, OR ACCIDENT. THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HER ACTS OR OMISSIONS WERE UNLAWFUL. YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S WORDS, ACTS, OR OMISSIONS, ALONG WITH ALL THE OTHER EVIDENCE, IN DECIDING WHETHER THE DEFENDANT ACTED KNOWINGLY.

INSTRUCTION NO. 17

MS. HERNANDEZ'S THEORY OF DEFENSE IS THAT SHE DID NOT KNOWINGLY POSSESS MARIJUANA OR ANY OTHER PROHIBITED DRUG WHEN SHE ENTERED THE UNITED STATES AND THUS DID NOT HAVE THE INTENT TO DELIVER OR TRANSFER POSSESSION OF THE MARIJUANA TO ANOTHER PERSON.

IF THE PROSECUTION FAILS TO PROVE BEYOND A REASONABLE DOUBT THAT MS. HERNANDEZ KNEW MARIJUANA OR ANY OTHER PROHIBITED DRUG WAS CONCEALED IN THE VEHICLE BEFORE SHE WAS APPREHENDED, YOU MUST RETURN A VERDICT OF NOT GUILTY.

08CR0371

INSTRUCTION NO. 18

WHEN YOU BEGIN YOUR DELIBERATIONS, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

INSTRUCTION NO. _19_

YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS. HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE—THAT IS ENTIRELY FOR YOU TO DECIDE.

INSTRUCTION NO. _20_

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID. NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY THE NOTES.

INSTRUCTION NO. _21_

THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT TO DECIDE.  YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

08CR0371

§ 7.4 9TH CIR.

INSTRUCTION NO. _22_

A VERDICT FORM HAS BEEN PREPARED FOR YOU. AFTER YOU HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, IF YOU ARE ABLE TO DO SO, YOUR FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT, AND ADVISE THE BAILIFF THAT YOU ARE READY TO RETURN TO THE COURTROOM.

INSTRUCTION NO. _23_

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO
COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF,
SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE
JURY.  NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE
WITH ME EXCEPT BY A SIGNED WRITING, AND I WILL RESPOND TO THE JURY
CONCERNING THE CASE ONLY IN WRITING, OR HERE IN OPEN COURT. IF YOU
SEND OUT A QUESTION, I WILL CONSULT WITH THE LAWYERS BEFORE
ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR
DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION.
REMEMBER THAT YOU ARE NOT TO TELL ANYONE—INCLUDING ME—HOW THE
JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE
GUILT OF THE DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS
VERDICT OR HAVE BEEN DISCHARGED.